IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT R. SPENCE, JR., | ) | |
| | ) | Civil Action No. 13 – 1081 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pup Lenihan |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM ORDER**

Petitioner has submitted to the Court an "Omnibus Habeas Corpus Motion for Relief." The document is over 180 pages in length and Petitioner has attached over 200 pages worth of exhibits. A brief review of the Motion indicates that Petitioner is complaining about matters relating to his criminal case pending in this Court before District Judge Cercone at Criminal Docket No. 2:09-cr-105. In fact, Petitioner writes his criminal case number along with Judge Cercone's name on the top left hand corner of his Motion. As such, it appears that Petitioner intended this Motion to be filed in his criminal case before Judge Cercone, along with the three other Motions that he submitted to the Court on the same day, and, which were in fact filed in his criminal case.[1] However, out of an abundance of caution, the Court initiated a new civil action for this Motion, which has been docketed in the above captioned case number.

Because it is unclear whether Petitioner intended his "Omnibus Habeas Corpus Motion" to be filed in his criminal case before Judge Cercone, or whether he intended to initiate a new

---

[1] These motions include a Motion for Leave to File Under Seal, Motion to Subpoena School Records for Laila Daleen Spence, and Motion to Subpoena School Records for Russell Damone Spence.

1

civil proceeding for either a habeas corpus or civil rights action, he is ordered to inform the Court of his intentions by indicating such on the attached from and returning it to the Court no later than twenty-one (21) days from the date of this Order.  If Petitioner notifies the Court that he intended his Motion to be filed in his criminal case, then the Court will order the Clerk of Court to refile it in that case and close this case.  If, however, he notifies the Court that he intended to initiate a habeas cause of action pursuant to 28 U.S.C. § 2241, then Petitioner will be required to submit a Motion for Leave to Proceed *in forma pauperis* or pay the $5.00 filing fee for habeas corpus actions.  If Petitioner notifies the Court that he intended to initiate a new civil rights cause of action pursuant to 42 U.S.C. § 1983, then Petitioner will be required to submit a Motion for Leave to Proceed *in forma pauperis* or pay the $350.00 filing fee for civil rights actions.  If Petitioner fails to return the form within twenty-one (21) days, then this action will be dismissed for his failure to prosecute and his Omnibus Habeas Corpus Motion will NOT be filed in his criminal case before Judge Cercone.

  The undersigned notes that it is unclear the relief Petitioner is seeking through his Omnibus Habeas Corpus Motion.  However, to the extent he is seeking pre-trial release, Petitioner is advised that he **may not** challenge his detention by way of a habeas corpus petition under section 2241.  The appropriate vehicle for him to challenge his pre-trial detention is "the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." Whitmer v. Levi, 276 F.App'x 217, 219 (3d Cir. 2008) (per curiam) (because "[a]dequate remedies were available in his criminal case," the petitioner was "not entitled to habeas corpus relief" on a claim that he was improperly denied pre-trial release) (citing Government of the Virgin Islands v. Bolones, 427 F.2d 1135, 1136 (3d Cir. 1970) (per curiam)).  *See also* Roberts, 463 F.App'x at 74 ("Challenging federal pretrial detention via a

§ 2241 petition has been both harshly criticized, Fassler v. United States, 858 F.2d 1016, 1018-19 (5th Cir.1988) (per curiam), and held to be inappropriate. United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir.1987)."). Therefore, if Petitioner indicates that he intended his Motion to be filed as a habeas corpus petition in a new civil action and not his criminal case, the undersigned will recommend that it be dismissed if he is seeking pre-trial release. To the extent Petitioner is seeking compensatory or declaratory relief for the misconduct alleged in his Omnibus Habeas Corpus Motion, then this is a civil rights action pursuant to 42 U.S.C. § 1983, and, if Petitioner is granted *in forma pauperis* status, his Complaint will be subject to statutory screening, and may be dismissed prior to service pursuant to 28 U.S.C. § 1915(e). Therefore,

This 26th day of July, 2013,

**IT IS HEREBY ORDERED** that, no later than August 16, 2013, Petitioner shall return the attached form to the Court indicating whether he intended his Omnibus Habeas Corpus Motion to be filed in his criminal case at Criminal Docket No. 2:09-cr-105, whether he intended his Motion to be filed as a habeas corpus petition pursuant to 28 U.S.C. § 2241, or whether he intended his Motion to be filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURHTER ORDERED** that if Petitioner fails to return the form within twenty-one (21) days, then this action will be dismissed for his failure to prosecute and his Omnibus Habeas Corpus Motion will not be filed in his criminal case at Criminal Docket No. 2:09-cr-105.

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Robert R. Spence, Jr.
     6000 Woodlawn Boulevard
     Aliquippa, PA  15001